UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GEORGE R. SIMPSON

VS.

D. J. GROTHE, PRESIDENT OF JAMES RANDI
EDUCATIONAL FOUNDATION, JAMES
HAMILTON ZWINGE, AKA JAMES RANDI ,
JAMES RANDI EDUCATIONAL FOUNDATION

FRAUD; MISREPRESENTATION AND
BREACH OF CONTRACT;
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS;
MISFEASANCE; MALFEASANCE;
CONSPIRACY (SECT 1985 AND 1986);
ACTION FOR DAMAGES; AND
ACTION FOR SPECIFIC
PERFORMANCE

## PLAINTIFF'S MOTION IN APPLICATION FOR DEFAULT JUDGEMENT BECAUSE DEFENDANTS PROVIDED FRAUDULENT SERVICE OF THE MOTION TO DISMISS AND THEIR MOTION IN OPPOSITION

Here comes Plaintiff George R. Simpson, Prose, and files this motion in application for Default Judgement (FRCivP Rule 55 (a), (b) (2).) because Defendants provided fraudulent proof of service of the Motion to Dismiss and their Motion in Opposition. Without service, the motions have not been filed.

The rules require a pleading or other defense within 14 days (FRCivP 15 (a)(3)).

The Court rules require (and Plaintiff requests) :

**FRCivP (a)(2) By the Court.** "*In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:*

*(A) conduct an accounting;*

*(B) determine the amount of damages;*

*(C) establish the truth of any allegation by evidence; or*

*(D) investigate any other matter.*"

Defendants' Motion to Dismiss (Pacer Doc #13, filed late) contained a statement of ***Proof of Service***, which was fraudulent. Attorney certified that he had

served Prose Plaintiff at the address "George R. Simpson, Post Office Box 775, Hampton Bays, NY 11946", but he had not served it.

In the exact same manner, Defendants' attorney certified service of his motion (Pacer Doc # 14) in *"opposition to Plaintiff's motion in application for default judgement or in the alternative, a motion for enlargement of time to file a response"*, when it was not served to Pro Se Plaintiff.

Proof of service is a serious responsibility under the rules of the Court. Certifying that service was affected, when it WAS NOT, is dishonest and against the law.

Defendants' attorney Holtmann's *10 page "opposition to Plaintiff's motion in application for default judgement or in the alternative, a motion for enlargement of time to file a response"* was self-serving and incomplete. That 10 page motion left out the fact that, not only had attorney Holtmann and his associate assistant "miscalculated of the motion's due date", *the instant lawsuit has two attorneys of record* who represent the Plaintiffs. They are:

1) Attorney Holtmann, and
2) John Shelton Penton, Jr. (of Cole Scott & Kissane).

How could two attorneys and their associates all miscalculate the due date?

Furthermore, both attorneys work for large law firms, which use modern docket control software. Is it true that neither of the attorneys of record (or their law firms) used, or paid attention to, their docket control software? At the least, it is very sloppy practice of law.

To underscore the importance of being careful in the filing and service of motions, Plaintiff wishes to alert the Court to the fact that many malpractice insurance companies refuse to insure a law firm, which does not have, (and does not enforce the use of), docket control software.

When Plaintiff learned of the filing of the Defendants' Motion to Dismiss and the motion in opposition to Plaintiff's motion for default, Plaintiff sent an email to attorney Holtmann confronting him with the fact that he had not served Plaintiff.

A copy of attorney Holtmann's misguided email answer to Plaintiff's email is attached as Exhibit 1. Attorney Holtmann's response in the email suggests that he was not aware of the Court's rules covering the service to a Pro Se litigant. And, he does

2

not read what he certifies and signs. The Court should notice that in the Exhibit 1 email, Plaintiff requested that attorney confirm that Plaintiff had not been served. No confirmation was received.

None of attorney Holtmann's pleadings, including his *motion to dismiss* have been served, and therefore cannot be considered as having been filed. (Almost 2 weeks after the Rules required filing).

NOW THEREFORE: For the above stated reasons, Plaintiff requests that the Court issue a Default Judgement against Defendants, and in favor of Plaintiff.

DATED July 2, 2012

Respectfully submitted:
GEORGE R. SIMPSON, PROSE

By: _____

George R. Simpson
PO Box 775
Hampton Bays, NY  11946
631-357-9502

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading was served by mailing the same, postage prepaid, by hand delivery or by facsimile on the 2nd day of July, 2012.

To:   Wicker, Smith, O'Hara, McCoy & Ford, P.A.
      *Attorneys for the Defendants*
      2800 Ponce de Leon Boulevard
      Suite 800
      Coral Gables, FL  33134
      Phone: (305) 448-3939

      Via:  Mail [xxx]   Fax [  ]   Hand [  ]

3

## Exhibit I

     

**From:** info
**Date:** Saturday, June 30, 2012 2:36 PM
**To:** Holtmann, Michael
**Subject:** Re: No service of your papers

Read your own proof of service. Last part -- I am Pro Se, and "not authorized to receive electronically Notices os Electronic Filing" -- also read the FRCivP on Pro Se.
Please rsspond after cking this out.
George Simpson

----- Original Message -----
**From:** Holtmann, Michael
**To:** 'info'
**Sent:** Saturday, June 30, 2012 1:34 PM
**Subject:** RE: No service of your papers

Mr. Simpson,

The service of papers in Federal Court is through the electronic filing system. Once a pleading or motion is filed in that system, it automatically is sent, via e-mail, to all individuals or entities in the system. I will be sending you a letter and proposed motion for sanctions and will use this e-mail as the requirement under the rules is that I give you notice before a motion for sanctions is filed with the court.

**Michael A. Holtmann | Attorney at Law**

**From:** info [mailto:info@suffolkresearch.com]
**Sent:** Saturday, June 30, 2012 11:26 AM
**To:** Holtmann, Michael
**Subject:** No service of your papers

Attorney Holtmann
This is to advise you that I did not receive service of both of the two pleadings you filed in the Simpson v Randi lawsuit. Your pleadings attached a proof of service, but I got no pleadings. Our mail is very reliable. Please acknowledge your receipt of this email.
George Simpson

No virus found in this message.

4